UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
CLERK OF COURT

2005 APR -8  A 10: 46

US
DISTRICT
C

| | |
|---|---|
| John C. Collins, # 116168, | ) C/A No. 2:05-1015-DCN-RSC |
| Petitioner, | ) |
| vs. | ) |
| State of South Carolina; and | ) Report and Recommendation |
| Henry McMaster, Attorney General of South Carolina, | ) |
| Respondents. | ) |

# Background of this Case

The petitioner is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections (SCDC). He has submitted a petition for writ of habeas corpus in the above-captioned case[1] to challenge convictions entered in the Court of General Sessions for Hampton County on March 21, 1983. According to the petition, the petitioner entered pleas of guilty to one count of murder, two counts of housebreaking, and one count of grand larceny. He was

---

[1] The Office of the Clerk of Court has recently implemented a new system for listing case numbers. Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

1

sentenced to consecutive sentences of life, ten years and five years, and ten years. No direct appeal was filed.

The petitioner filed two (2) applications for post-conviction relief. The first application was denied on February 16, 1987. The second application, according to the petitioner, was "dismissed as excessive" [sic: probably should read "dismissed as successive"] on July 19, 1996. The petitioner appealed from the denial of both applications for post-conviction relief.

In the Section 2254 petition in the case at bar (Civil Action No. 2:05-1015-DCN-RSC), the petitioner, through his "jailhouse lawyer," raises four (4) grounds. Those grounds are: (A) ineffective assistance of trial counsel; (B) guilty plea not entered according to the mandates of Boykin v. Alabama, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709 (1969); (C) the trial court lacked subject-matter jurisdiction "due to flaw in murder indictment[;]" and (D) the PCR court erred in dismissing second application based on successiveness without holding a hearing.

The pleadings have obviously been prepared for the petitioner by a "jailhouse lawyer." The petitioner's "jailhouse lawyer" appears to be Julian Edward Rochester (SCDC # 171519), who is also confined at the Evans Correctional Institution. Julian Rochester is under an order of pre-filing review. See Graham v. Riddle, 554 F.2d 133 (4th Cir. 1997). See also Order of January 29, 1996, in the matter

entitled In Re: Julian Edward Rochester, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr., (then) United States District Judge.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).[2]  *Pro se* complaints and

---

[2] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

With respect to his convictions, the petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. See 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971); and Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241). Although the petitioner has exhausted his state remedies, he has, in the

4

case at bar, submitted a successive petition.

In John C. Collins v. Director Michael Moore; and Charles M. Condon, Attorney General of the State of South Carolina, Civil Action No. 2:98-3150-18AJ, the petitioner brought a habeas corpus action. The petition in Civil Action No. 2:98-3150-18AJ was served upon the respondents. After the respondents filed a motion to dismiss, the petitioner was apprised of dispositive motion procedure, as required by Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). The petitioner responded to the Roseboro order and also filed his own motion for summary judgment.

In a Report and Recommendation filed in Civil Action No. 2:98-3150-18AJ on May 12, 1999, the undersigned recommended that the petition be dismissed in its entirety as barred by the application of statute of limitations. The parties were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. The petitioner on May 24, 1999, filed a motion to extend time to file objections. Although the Honorable David C. Norton, United States District Judge, on May 24, 1999, granted that motion to extend time, the petitioner did not file objections. On July 7, 1999, Judge Norton granted summary judgment to the respondents in Civil Action No. 2:98-3150-18AJ. No appeal was filed.

The standard for determining whether a petition is successive appears in Slack v. McDaniel, 529 U.S. 473, 485-489, 146 L.Ed.2d 542, 120 S.Ct. 1595, 2000 U.S. LEXIS® 3000 (2000)(to qualify as "successive" petition, prior petition must have been adjudicated on the merits). Since Civil Action No. 2:98-3150-18AJ was decided by summary judgment, the petition in the above-captioned case (Civil Action No. 2:05-1015-DCN-RSC) is successive.

This court may take judicial notice of Civil Action No. 2:98-3150-18AJ. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). See also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.").

The § 2254 petition in the above-captioned case is subject to dismissal under Rule 9(b) of the Section 2254 Rules. Miller v. Bordenkircher, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). See also McClesky v. Zant, 499 U.S. 467, 113

L.Ed.2d 517, 111 S.Ct. 1454, 1467-1472, 1991 U.S. LEXIS® 2218 (1991); Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214; Bennett v. Angelone, 92 F.3d 1336, 1996 U.S.App. LEXIS® 21003 (4th Cir. 1996), *cert. denied*, 519 U.S. 1002, 136 L.Ed.2d 395, 117 S.Ct. 503, 1996 U.S. LEXIS® 7152 (1996); and Armstead v. Parke, 930 F. Supp. 1285, 1996 U.S.App. LEXIS® 8317 (N.D.Ind. 1996), *affirmed*, 116 F.3d 1482, 1997 U.S.App. LEXIS® 14835, 1997 WESTLAW® 345896 (7th Cir., June 13, 1997). *See also* Rule 9(b) of the Section 2254 Rules; and Aloe Creme Laboratories, Inc. v. Francine Co., supra, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

Aloe Creme Laboratories, Inc. v. Francine Co., supra, 425 F.2d at 1296. *See also* United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

In any event, there is no indication in the present petition that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and

7

Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. Before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he *must* seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit. The petitioner can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.[3]

---

[3] *See* Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996:

> (B) LIMITS ON SECOND OR SUCCESSIVE APPLICATIONS. —Section 2244(b) of title 28, UNITED STATES CODE, is amended to read as follows:
>
>> "(B)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>>
>> "(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>>> "(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>> "(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>> "(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>>
>> "(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall

(continued...)

The mailing address of the Clerk's Office of the United States Court of Appeals for the Fourth Circuit is 1100 East Main Street — Suite 501, Richmond, Virginia 23219-3517.

# *Recommendation*

Accordingly, it is recommended that the § 2254 petition be dismissed *without*

---

(...continued)

    move in the appropriate court of appeals for an order authorizing the district court to consider the application.

    "(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

    "(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

    "(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

    "(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

    "(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.".

*prejudice* as a successive § 2254 petition under Rule 9(b) of the Section 2254 Rules, *without requiring the respondents to file a return.*  See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996 U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

                                            Respectfully submitted,

Charleston, South Carolina                Robert S. Carr
                                                    United States Magistrate Judge
April 8, 2005

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The **Serious Consequences** of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
